**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

HIRAM MCGILL,                     )
                                  )
              Plaintiff,          )        Civil Action No. 22-1724
                                  )        Magistrate Judge Maureen P. Kelly
              v.                  )
                                  )        Re: ECF No. 13
WARDEN J. BOYLES, *et al.*,       )
                                  )
              Defendants.         )

## MEMORANDUM OPINION

Plaintiff Hiram McGill ("Plaintiff"), a former pretrial detainee, filed this *pro se* action arising out of allegations that his Eighth Amendment rights were violated when he was placed in administrative segregation at the Indiana County Jail. ECF No. 5.

Presently before the Court is a Motion to Dismiss filed by Defendants Warden J. Boyles ("Boyles"), Sgt. Zundel ("Zundel") and Deputy Warden Lesley Loveridge ("Loveridge") (collectively, "Defendants"). ECF No. 13. For the reasons that follow, Defendants' Motion to Dismiss is granted.[1]

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff began this action on December 2, 2022, by filing a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") together with a proposed Complaint. ECF No. 1. On January 10, 2023, the Court granted Plaintiff's IFP Motion, and his Complaint was filed on the same date. ECF Nos. 4 and 5.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United States Magistrate Judge conduct all proceedings in this case, including the entry of a final judgment. ECF Nos. 2 and 18.

### A. Factual Background

During the relevant time, Plaintiff was a pretrial detainee at the Indiana County Jail. ECF No. 5 at 4. In his Complaint, Plaintiff alleges that Zundel claimed he threatened a staff member and placed him in the "hole" on November 15, 2022. Loveridge also said that Plaintiff threatened someone, but she could not say who it was. Plaintiff denies that he threatened anyone, and he says that he never even received a misconduct for this alleged threat. He alleges this was a lie to retaliate against him for filing a complaint. Id. at 5.

Plaintiff submitted written complaints about this incident to Boyles and Loveridge. Plaintiff wrote that he never specifically threatened anyone; instead, he only conveyed that he felt homicidal at times towards those who hurt him or his children. Boyles responded that Plaintiff's status would be reviewed regularly while he was confined in administrative segregation, and that "[a]ll things will be considered when deciding how long you are there." ECF No. 5-1 at 1-3. Plaintiff also filed a grievance, which was denied. ECF No. 5 at 7.

Based on these allegations, Plaintiff claims that Defendants violated his Eighth Amendment rights by falsely claiming that he threatened someone. Id. at 4. As relief, he requests to be released from the "hole," for proof of his misconduct and justification for placing him there, and punitive damages. Id. at 5.[2]

### B. Motion to Dismiss

On April 3, 2023, Defendants filed this Motion to Dismiss and Brief in Support. ECF Nos. 13 and 14.[3] In support of the Motion to Dismiss, Defendants argue that Plaintiff fails to state a

---

[2] Plaintiff has since been released from the Indiana County Jail. ECF No. 9.

[3] Defendants purport to attach more legible and complete versions of certain documents that Plaintiff has relied on in support of his Complaint. ECF No. 14 at 4. Defendants also rely on documents related to Plaintiff's grievance, however, that Plaintiff does not include in support of his Complaint. ECF No. 13-1 at 2, 5; ECF No. 5-1. Because Defendants do not provide a basis for the Court to consider documents related to Plaintiff's grievance in support of their Rule 12(b)(6) motion, the Court does not consider those documents here.

claim upon which relief can be granted. Because Plaintiff was a pretrial detainee, Defendants argue that Plaintiff's Eighth Amendment claim should be construed as a Fourteenth Amendment due process claim. Defendants argue that Plaintiff was afforded sufficient due process, and thus fails to state a viable Fourteenth Amendment claim, because his housing was subject to regular review, and he could file grievances regarding his placement. ECF No. 14 at 6-10.

Defendants also argue that Plaintiff fails to plead facts necessary to state a First Amendment retaliation claim because placement in restricted housing is not an "adverse action," and there is no causal connection between his confinement and any prior complaint. Id. at 10-12. Finally, Defendants argue that Plaintiff's claims should be dismissed because he does not plead their personal involvement in any underlying wrong, and they are entitled to qualified immunity.[4]

The Court ordered Plaintiff to file a response in opposition to the Motion to Dismiss by May 4, 2023, but he failed to do so. ECF No. 15. The Court then issued an Order to Show Cause, directing Plaintiff to show good cause by June 1, 2023, why the Motion to Dismiss should not be granted based on Plaintiff's failure to respond. ECF No. 16. To date, Plaintiff has not responded to the Motion to Dismiss or the Order to Show Cause.

The Motion to Dismiss is now ripe for consideration.

## II.   LEGAL STANDARD

In assessing the sufficiency of a complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept

---

[4] Defendants also argue that Plaintiff is not entitled to compensatory damages under the Prison Litigation Reform Act because he did not suffer any physical injury and that any unliquidated damages request should be stricken. ECF No. 14 at 6, 14. Plaintiff does not specifically request compensatory damages in his Complaint. ECF No. 5 at 5.

bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint.  See Cal. Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).  Nor must the Court accept legal conclusions set forth as factual allegations.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

Pro se pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or the litigant's unfamiliarity with pleading requirements.  Boag v. MacDougall, 454 U.S. 364 (1982); U.S. ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (A "petition prepared by a prisoner . . . may be inartfully drawn and should . . . be read 'with a measure of tolerance'"); Freeman v. Department of Corr., 949 F.2d 360 (10th Cir. 1991).

Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997) (*overruled on other grounds*); see also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

However, there are limits to the court's procedural flexibility: "pro se litigants still must allege sufficient facts in their complaints to support a claim . . . they cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).  Accordingly, because Plaintiff is a *pro se* litigant, this Court will consider the facts and make inferences where it is appropriate.

## III.   DISCUSSION

### A.  Eighth/Fourteenth Amendment Claim

As the United States Supreme Court has held, prison officials are required to "provide humane conditions of confinement," and must take "reasonable measures to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994).  "For prisoners incarcerated following a conviction, the government's obligation arises out of the Eighth Amendment's prohibition on cruel and unusual punishment." Cameron v. Bouchard, 815 F. App'x 978, 984 (6th Cir. 2020); see also Murray v. Keen, 763 F. App'x 253, 255 (3d Cir. 2019).  When a pretrial detainee is challenging the conditions of his confinement, however, the claim arises instead under the Due Process Clause of the Fourteenth Amendment.  See E.D. v. Sharkey, 928 F.3d 299, 307 (3d Cir. 2019) (citing Hubbard v. Taylor, 538 F.3d 229, 231 (3d Cir. 2008)).

Plaintiff pleads a claim under the Eighth Amendment.  Because Plaintiff was a pretrial detainee and not a convicted inmate, however, the Court construes this claim under the Due Process Clause of the Fourteenth Amendment.

5

Upon review, the Court finds that Plaintiff fails to state a Fourteenth Amendment claim upon which relief can be granted.  Plaintiff asserts that his constitutional rights were violated by "lying claiming I threatened someone."  ECF No. 5 at 3.  Simply lodging a false accusation, however, does not violate Plaintiff's right to due process under the Fourteenth Amendment. Ralston v. Coffey, No. 21-cv-4752, 2021 WL 5987320, at *4 (E.D. Pa. Dec. 16, 2021) (citations omitted).  Rather, "so long as certain procedural requirements are satisfied, mere allegations of falsified evidence or misconduct reports, without more, are not enough to state a due process claim." Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002).

In this case, Plaintiff does not plead facts showing that Defendants deprived him of adequate process relative to his placement in administrative segregation.  As the United States Court of Appeals for the Third Circuit has explained, "[t]he degree of process required [under the Fourteenth Amendment] varies depending on the reason for the transfer [to more restrictive housing], with greater process accorded to prisoners who are confined for disciplinary infractions than those moved for purely administrative reasons." Stevenson v. Carroll, 495 F.3d 62, 70 (3d Cir. 2007).

Where, as here, a detainee is moved for administrative reasons,[5] prison officials are only required to provide "an explanation of the reason for their transfer as well as an opportunity to respond." Kanu v. Lindsey, 739 F. App'x 111, 117 (3d Cir. 2018) (quoting Stevenson, 495 F.3d at 70).  "This notice must be within a 'reasonable time' following the transfer, and the opportunity to respond can be satisfied by written grievances[.]" Id. (citing Stevenson, 405 F.3d at 70; Hewitt v. Helms, 459 U.S. 460, 476 n. 8 (1983)) (internal citations omitted).  Based on his Complaint and

---

[5] Based on the record, Plaintiff was moved for administrative as opposed to disciplinary reasons.  Plaintiff pleads that he did not receive any disciplinary misconduct.  Instead, his alleged threat resulted in his placement in administrative segregation.

supporting documents, Plaintiff was provided with a reason for his transfer to administrative segregation and was informed that his status would be reviewed weekly.  He also challenged that decision by filing a grievance.  Thus, Plaintiff's allegations do not support a claim for insufficient process.  For these reasons, the Court grants the Motion to Dismiss as to Plaintiff's Eighth Amendment claim, which the Court construes under the Fourteenth Amendment.

### B. First Amendment Retaliation Claim

Plaintiff only specifically pleads an Eighth Amendment claim.  ECF No. 5 at 3.  Based on Plaintiff's allegations that officials lied to "retaliate against [him] and keep [him] in the hole for filing a complaint" and given his *pro se* status, however, the Court also considers whether Plaintiff states a viable First Amendment retaliation claim.  Id. at 5.

In order to establish a *prima facie* claim for retaliation under the First Amendment, Plaintiff must show (1) that "the conduct which led to the retaliation was constitutionally protected"; (2) "he suffered some 'adverse action' at the hands of the prison officials" that "was sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights"; and (3) a "causal link between the exercise of his constitutional rights and the adverse action taken against him." Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (citing Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)).  If Plaintiff makes this initial showing, "the burden then shifts to the prison official to prove that the same decision would have been made absent the protected conduct for reasons related to a legitimate penological interest." DeFranco v. Wolfe, 387 F. App'x 147, 154-55 (3d Cir. 2010) (citing Rauser, 241 F.3d at 334).

Upon review, Plaintiff does not allege enough facts to state a claim to relief that is plausible on its face.  Although Plaintiff states that he was retaliated against for making a complaint, he does not identify what this complaint was or when or to whom (if anyone) he complained.  Even if

Plaintiff engaged in constitutionally protected conduct when making this complaint, he does not include any facts to support a causal link between that complaint and his placement in administrative segregation.  He does not plead facts showing that Defendants had reason to know of this complaint, let alone any facts that would suggest a retaliatory motive (e.g., unusually suggestive timing).  The Court is not required to credit Plaintiff's conclusory claims of retaliation. Accordingly, the Motion to Dismiss is granted as to Plaintiff's First Amendment retaliation claim.

## IV.    CONCLUSION

For these reasons, the Court grants Defendants' Motion to Dismiss, ECF No. 13.  "If a complaint is vulnerable to Rule 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile."  Phillips v. Cty of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008).  Because the Court cannot say that Plaintiff would be unable to plead any viable claim, he will be granted leave to amend as appropriate.

The Court will enter an appropriate Order to follow.

Dated: September 28, 2023                          BY THE COURT,

                                                   MAUREEN P. KELLY
                                                   UNITED STATES MAGISTRATE JUDGE

cc:     Hiram McGill
        690 Main Street
        Apt. C
        St. Petersburg, PA 16054

        All counsel of record via CM/ECF.